**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence Clark REBER,**
**Defendant–Appellant.**

**No. 88–1996.**

United States Court of Appeals,
Tenth Circuit.

May 30, 1989.

---

Gary W. Pendleton, St. George, Utah, for defendant-appellant.

Brent D. Ward, U.S. Atty., and Gregory C. Diamond, Asst. U.S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

Before McKAY, SEYMOUR and EBEL, Circuit Judges.

SEYMOUR, Circuit Judge.

Defendant Lawrence Clark Reber appeals from an order of the district court that revoked his probation, reinstated it for the maximum period allowable by law, and ordered him to pay certain additional restitution. Because the findings upon which the trial court based revocation of Reber's probation are without support in the record, we reverse.[1]

### I.

Reber pled guilty to receiving stolen property and was sentenced in February 1984 to six months incarceration followed by three years probation. The probation was conditioned on payment of restitution "to his victims within EIGHTEEN (18) MONTHS according to a schedule established by the U.S. Probation Office." Rec., vol. I, doc. 25. Reber was released on probation on July 17, 1984. In May 1985, Reber petitioned the district court to set the amount of restitution. A hearing on the subject was noticed for October. This hearing was cancelled pursuant to a stipulation between the government, the probation office, and Reber, that Reber would pay $12,500 restitution for losses incurred by one of the victims, Mr. Ron Johnson, when his property was stolen. Reber borrowed $12,500 and paid that amount to the probation office.

The adequacy and finality of this stipulation was cast into doubt almost immediately. Reber's crime involved the theft of two semi-tractors. In preparation for the October hearing, the probation office had attempted to contact the owners of both trucks in order to assess their losses. It failed to make contact with one of the owners, Mr. Gary Hudson. A short time after the stipulation, Hudson approached the probation office and it became clear that the $12,500 would not cover his losses.

In an effort to remedy this oversight, the court held a series of restitution hearings in the summer of 1986. The victims testified about their losses, and Reber presented evidence of his inability to pay additional restition. The court concluded that the stipulation was not binding, and asked the probation officer to assess the situation and to make a recommendation to the court. The court entered an "Order of Restitution" requiring that the $12,500 be split between the two victims.[2] The order recites that the court has "taken into consideration the defendant's current situation as provided by the defendant in testimony and also the information provided to the court by the United Sates Probation Office." Rec., vol. I, doc. 192. The court

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.

2. The money had been held in escrow pending resolution of the dispute.

made no findings concerning the amount of losses claimed by the victims, nor any specific findings concerning Reber's ability to pay. *See* 18 U.S.C. § 3664(a) (Supp. IV 1986). The court ordered the probation office to report back in approximately one year concerning Reber's financial condition, apparently leaving the door open for payment of further restitution of an indeterminate amount.

The probation officer monitored the situation and reported to the court that he had unsuccessfully attempted to obtain an agreement from Reber to either settle the amount of restitution with the victims or to extend his probation for an additional period of time in hopes that his financial condition would improve and he could afford additional restitution. Reber had offered an additional $5,000 to the victims, but they refused to settle. He declined to voluntarily extend his probation. Based on the report, the court ordered Reber to show cause why his probation should not be revoked. A preliminary revocation hearing was held before a magistrate on September 15, 1987. At that time, the probation officer testified that Reber had thoroughly acquainted him with his current financial position, rec., vol. IV, at 20, and that his financial situation had not changed from the prior year, *id.* at 21. The district court held a revocation hearing on December 18, 1987. At the hearing, Reber took issue with the calculation of losses of the victims, which included loss of income. He also raised his inability to make further payments.

On June 3, 1988, the court held a final restitution hearing. It issued a written order on June 27 revoking Reber's probation. In the same order, the court reinstated probation, set restitution at approximately $34,000, and ordered Reber to make monthly payments of $150 towards the unpaid balance of that total. In its order, and when asked to make specific findings at the revocation hearing, the court based its revocation "... upon Defendant's failure to keep faith in reporting with the Court to keep it fully advised regarding Defendant's financial circumstances." Brief of Appellant, Addendum at 2; *see also* rec., vol. VI, at 11.

## II.

Revocation of probation is within the discretion of the district court. *See United States v. Rife*, 835 F.2d 154, 156 (7th Cir. 1987). "The district court's discretion does, however, have limitations, and we have authority to review revocation decisions for fundamental unfairness or for an abuse of discretion." *United States v. Hamilton*, 708 F.2d 1412, 1414 (9th Cir.1983). *See also United States v. Simmons*, 812 F.2d 561, 565 (9th Cir.1987).

"Probation may be revoked if the district court is reasonably satisfied that a violation of probation conditions has occurred." *Rife*, 835 F.2d at 156. We have reviewed the record in this case, and we conclude that the district court abused its discretion in revoking Reber's probation.[3] In our review, we could find no evidence supporting the court's conclusion that Reber failed to provide financial information to the court. In fact, the probation officer's testimony was to the contrary. The only specific failure to cooperate with the court or the probation office recounted in the record is Reber's refusal to consent to an extension of his probation in order to facilitate further restitution. Reber had no obligation to extend his probation, nor was there a court order obligating him to pay any specific sum of further restitution. Reber's failure to do either thus cannot be construed as a failure to cooperate.

The district court's order is reversed, and the case is remanded with instructions to release Reber under the terms of the original sentence and order of probation.

---

**3.** Reber makes a number of other claims regarding the court's order. Because the court's abuse of discretion is sufficient grounds for reversal, we do not address these claims.