992 F.2d 1223
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Richard STUBBLEFIELD, Defendant-Appellant.
 No. 92-1284.
 United States Court of Appeals, Tenth Circuit.
 April 28, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Joseph Richard Stubblefield appeals the district court's order determining that he violated the terms of his probation and imposing a ten-month prison sentence. The only issue presented is whether the district court's decision was supported by reasonable evidence. We review for possible abuse of discretion or a lack of fundamental fairness. United States v. Reber, 876 F.2d 81, 83 (10th Cir.1989).
 
 
 3
 Defendant was originally sentenced to thirty-six months probation after pleading guilty to a single count of mail theft. Among the conditions of that probation was the requirement that he abide by the law. During this probationary period, defendant was arrested on charges of second degree burglary, harassment, theft by receiving, and possession of burglary tools.
 
 
 4
 At a parole violation hearing, the government presented evidence that defendant was the primary suspect in the burglary of an apartment shared by Terrilyn Bruggemans and her roommate, Loreen Lock. Lock first reported the burglary on August 7, 1992, after discovering muddy footprints near a window that had been tampered with. It appeared that the break-in had occurred between 12:30 p.m. August 6 and 1:00 a.m. August 7, 1992, but nothing was taken. The following week, Bruggemans discovered that her address/appointment book was missing, in which she kept a variety of personal information, such as telephone numbers, bills, school work, and a University of Colorado tuition receipt.
 
 
 5
 The next day, Bruggemans noticed that a man was following her as she drove to several locations in Boulder. She ultimately drove to the restaurant where she was employed, went inside, then pretended to leave. When she did so, defendant, who had exited his car and was using a public telephone, returned to his car as if preparing to continue following her. Bruggemans then re-entered the restaurant and called the police. When the police arrived, defendant denied any wrongdoing. Bruggemans identified both defendant's vehicle and confirmed from the picture on his driver's license that he was the person who had followed her. Bruggemans did not know defendant's name, but recognized him as the individual who had appeared when police were taking the original burglary report, and who had inquired about the break-in. Defendant's vehicle contained Bruggemans' missing appointment book, binoculars, mail addressed to Post Office boxes (but not to defendant as the addressee), more than sixty Post Office box keys, burglary tools and a pak radio set with two frequencies programmed to Bruggemans' telephone. Defendant was then arrested.
 
 
 6
 Defendant's automobile was impounded and informally inventoried the day of his arrest. However, many items were missing when police officers inspected the vehicle at the impound lot four days later, including mail, a backpack, two briefcases, and leather folders. Two days after that inspection, police searched defendant's residence pursuant to a search warrant. Many of the items originally seen in defendant's car the day of his arrest were found at the residence. The police also discovered financial information about Bruggemans and her parents that she had never compiled nor provided to defendant.
 
 
 7
 To revoke parole, the district court must be reasonably satisfied that a parole violation has occurred. Reber, 876 F.2d at 83. The government need not prove beyond a reasonable doubt that a violation was committed. Here, the government presented evidence sufficient to support the conclusion that defendant's conduct did not comport with the conditions of his parole. Specifically, the evidence offered by the government demonstrated that defendant burglarized Bruggemans' apartment by knowingly and unlawfully entering "a building or occupied structure with intent to commit therein a crime against a person or property." Colo.Rev.Stat. § 18-4-203. Although defendant provided a partial alibi as to his whereabouts during the approximately twelve hours the victims' apartment was unoccupied, that evidence does not overcome the testimony that Bruggemans never took her notebook out of the apartment, that she last saw it by the window where the burglar gained entry, and that it was found, without any other explanation, in defendant's possession.
 
 
 8
 In addition, the government's evidence supported the conclusion defendant harassed Bruggemans by following her "about a public place." Colo.Rev.Stat. § 18-9-111(1)(c). Bruggemans positively identified defendant and his vehicle. Bruggemans also testified that a friend at the restaurant tried to approach defendant's car, while Bruggemans was inside calling the police, at which time defendant moved his car further away from the restaurant. This evidence tends to preclude the conclusion that defendant's presence near Bruggemans on August 14 was coincidental. The government's additional evidence showed defendant procured significant personal financial information about Bruggemans and her parents without her permission, such as credit card and bank account numbers, Bruggemans' social security number, driver's license number and expiration date, and former telephone number. None of this data was contained in Bruggemans' stolen notebook, but was found at defendant's home and in his handwriting. Defendant also had the ability to surreptitiously monitor Bruggemans' telephone calls. Defendant's conduct was not "as good as required by the terms and conditions of the release." Mack v. McCune, 551 F.2d 251, 254 (10th Cir.1977).
 
 
 9
 After reviewing the entire record, we conclude the district court did not abuse its discretion in deciding defendant violated the conditions of his parole and imposing a ten-month period of incarceration. The government's evidence of alleged parole violations was virtually unchallenged by the defendant.
 
 
 10
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3