# UNITED STATES COURT OF APPEALS

**Filed 4/22/96**

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG R. FRANKE,

    Defendant - Appellant.

No. 95-3355
(D.C. Nos. 92-20029-01 / 92-20069-01)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **McKAY** and **LUCERO**, Circuit Judges.

In this case, a federal prisoner appeals the district court's order revoking supervised release and ordering a period of incarceration. Craig R. Franke was convicted in 1994 of mail fraud in connection with his business of collecting unclaimed funds, and failing to appear at his first trial date for the mail fraud charges. He was sentenced to a period of incarceration and term of supervised release. His supervised release was revoked for violations of its terms, specifically, for travelling outside of the District of Kansas without authorization from the United States Probation Office, and failing to

---

[*]The case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

provide certain financial information to that office. Franke does not dispute the truth of the allegations, but appeals the district court's order -- revoking supervised release and sentencing him to nine months in prison -- on jurisdictional grounds.

We review the revocation of supervised release for abuse of discretion. United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). In order to revoke supervised release, "[t]he district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." United States v. Hall, 984 F.2d 387, 390 (10th Cir.), cert. denied, 113 S. Ct. 2942 (1993). Franke argues that, when he crossed the Missouri state line from Kansas, the district court lost jurisdiction over him, and was without power to restrict his travel in that district. This argument reflects a misunderstanding of the district court's order, which was that Franke remain in the District of Kansas.

The only question before the district court was whether the preponderance of the evidence proved that Franke had left the District of Kansas without permission. See id. Franke admitted in his "Motion to Dismiss Alleged Supervised Release Violations" that he "resides in the State of Missouri, [therefore,] travel within the state is expected." It is undisputed that Franke did not have permission to enter that state. The district court did not err in finding that Franke had violated a term of his supervised release by travelling in Missouri.

Franke's remaining arguments seem to challenge an earlier district court order

- 2 -

denying his motion to modify the terms of his supervised release. That order is not before this Court in this appeal, and we do not consider the arguments made against it.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge