**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 5 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAWSON DEAN ROARK,

    Defendant - Appellant.

No. 96-6330

W.D. Oklahoma

(D.C. No. CR-94-169-T)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9.  This cause is therefore ordered submitted without oral argument.

    Appellant Lawson Dean Roark pleaded guilty to one count of assisting another in receiving unauthorized satellite cable programming for direct commercial advantage to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

his business and the private financial gain of another in violation of 47 U.S.C. § 605(e)(2).[1] On March 29, 1995, the district court sentenced Roark to probation for two years, 208 hours of community service as directed by the probation office, and a $1,000 fine. R. Vol. I at Tab 17 (Judgment). The court imposed several standard conditions of supervision upon Mr. Roark, including monthly reports to the probation officer and following the probation officer's instructions. Id.

On August 22, 1996, Mr. Roark's probation officer, Byron Boese, petitioned the court to revoke Mr. Roark's probation due to six alleged violations. After a hearing and testimony from Mr. Boese and Mr. Roark, the district court determined that Mr. Roark violated the terms of his probation because he: (1) missed scheduled appointments with the probation officer; (2) failed to follow the probation officer's instructions when he did not contact the probation officer on several occasions; (3) failed to make regular monthly fine payments; (4) failed to follow the probation officer's instructions to document his inability to make regular monthly payments; (5) failed to perform scheduled community service work, leaving approximately 96 hours of the required community service outstanding; and (6) failed to follow the probation officer's instructions when he was unable to perform scheduled community service work. R. Vol. I at tab 24 (Order on

_____

[1]47 U.S.C. § 605(e)(2) provides: "Any person who violates subsection (a) of this section willfully and for purposes of direct or indirect commercial advantage or private financial gain shall be fined not more than $50,000 or imprisoned for not more than 2 years, or both, for the first such conviction and shall be fined not more than $100,000 or imprisoned for not more than 5 years, or both, for any subsequent conviction."

Revocation). The court then sentenced Mr. Roark to five months imprisonment beginning September 16, 1996, directed him to pay $205.89, the outstanding balance of his original $1,000 fine, placed him on one-year supervised release, and required him to perform 96 hours of community service. Id.

Mr. Roark appeals the district court's order revoking his probation, arguing that the evidence was insufficient and urging this court to "remand this matter with instructions to continue Mr. Roark under the previously imposed term of probation." Appellant's Br. at 1, 8.

As a practical matter, Mr. Roark's appeal is moot as to the sentence of imprisonment since inquiry of counsel reveals that he completed his term of imprisonment approximately two weeks ago, and under the new sentence, he must simply pay the balance of the fine required by the original sentence, which he would be required to do even if this court reinstated the original sentence. Also, he must complete the same amount of remaining community service required under the original sentence.

However, the one-year supervised release imposed by the court at Roark's second sentencing is still in force, as well as the potential for collateral consequences from the revocation. See United States v. Schmidt, 99 F.3d 315, 317 (9th Cir. 1996). Accordingly, we turn to the merits of the appeal.

Probation may be revoked if the district court is reasonably satisfied that a violation of probation conditions has occurred, and we review probation revocation

decisions for fundamental unfairness or for an abuse of discretion. See United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989); United States v. Levine, 983 F.2d 785, 787 (7th Cir. 1993). Roark urges that the evidence was insufficient to justify revoking his probation, and that we must review de novo the district court's order, citing inapposite authorities requiring de novo review for sufficiency of the evidence in appeals from criminal trial convictions. Appellant's Br. at 5 (citing, *inter alia*, United States v. Grimes, 967 F.2d 1468, 1472 (10th Cir. 1992)). We are unpersuaded. The applicable standard of review is established by Reber. In any event, more than sufficient evidence supported the district court's decision to revoke probation, including Roark's own admissions that he violated the terms of his probation. The district court resentenced Roark within the applicable guideline range. See R. Vol. III at 10 (PSR).

The district court did not abuse its discretion and there was no fundamental unfairness in revoking Roark's probation and resentencing him. The judgment of the district court is therefore AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-4-