**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAUL GARFINKLE,

Defendant-Appellant.

No. 98-4040
(D.C. No. 94-CR-037-B)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Neither party has requested oral argument. Therefore, the case is ordered submitted without oral argument.

Paul Garfinkle appeals revocation of his probation and the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imposition of a sentence of twenty-four months' imprisonment. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Garfinkle pleaded guilty in 1996 to one count of money laundering, 18 U.S.C. § 1956(a)(3), and one count of conspiracy to commit fraud, 18 U.S.C. § 371. Pursuant to the terms of a Fed. R. Crim. P. 11(e)(1)(C) plea agreement, the district court departed below the 78-97 month guideline range and sentenced Garfinkle to five years' probation and a $50,000 fine.

Approximately four months after sentencing, Garfinkle was charged with eight violations of probation conditions. He admitted to three Grade C violations: (1) failing to follow the instructions of the probation officer by failing to keep and provide copies of two checks he received; (2) failing to answer truthfully all inquiries by the probation officer and incurring new credit charges or opening additional lines of credit without approval of the probation officer; and (3) associating with a convicted felon without obtaining permission from the probation officer. A Grade C violation is "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3). Garfinkle's probation was revoked. At sentencing on March 4, 1998, the district court, at the urging of the government, disregarded the five-to-eleven month sentencing range recommended in U.S.S.G. § 7B1.4(a) and sentenced Garfinkle to

twenty-four months' imprisonment and thirty-six months' supervised release.

Garfinkle contends the district court erred in revoking his probation and in imposing a sentence beyond the range suggested by the Guidelines. We review a decision to revoke probation for abuse of discretion. United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). Probation may be revoked if the court is reasonably satisfied a violation of probation conditions has occurred. Id. As for the sentence imposed following revocation of probation, we will not reverse if it can be determined from the record that the sentence is "reasoned and reasonable." United States v. Brooks, 976 F.2d 1358, 1361 (10th Cir. 1992); see United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996).

Although Garfinkle purports to challenge the district court's revocation decision, he offers no substantive arguments that would seriously call into question the court's decision. Indeed, because it is uncontroverted that Garfinkle committed three Grade C violations, the court acted well within its discretion in choosing to revoke probation.

As regards the sentence imposed, Garfinkle argues the district court failed to make adequate findings and based its decision solely on "its disbelief of Garfinkle and its general dislike of him." Appellant's br. at 5. After carefully reviewing the record on appeal, including the transcript of the sentencing hearing, we disagree. Although U.S.S.G. § 7B1.4(a) suggests a five-to-eleven month

sentence range, both parties urged the court to impose a sentence outside the range.  Because Chapter 7 policy statements are not binding on sentencing courts, a sentence in excess of the range is not a "departure" which would necessitate the court making specific findings.     United States v. Burdex  , 100 F.3d 882, 885 (10th Cir. 1996),  cert. denied  117 S. Ct. 1283 (1997).  The government urged the court to impose a twenty-four month sentence because it believed the admitted violations were associated with a high risk of new felonious conduct.      See U.S.S.G. § 7B1.4, Application Note 3.  In contrast, Garfinkle asked the court to place him back on probation, arguing the admitted violations were largely innocent attempts to collect money rightfully owed to him.  He also argued his poor health justified probation.

Although the district court did not make specific findings to support its ultimate sentencing decision, it is obvious from the record that the court chose to accept the government's arguments.  The court stated at the conclusion of the hearing:

> In short, Mr. Garfinkle, I don't believe you.  I think that you would try to sell me something on that yacht you were selling earlier if you had a chance.  Your entire history speaks different from the way you presented yourself here at this hearing today. . . . Your medical information is not that bad.  You're out of shape and you're overweight.  You can take care of those.  I am not suggesting you don't have some medical problems, but I am suggesting that you have misled this Court in the past and you have misled people in the past, and I am not buying much of it.

Appellant's App. at 49-50. The evidence before the court justified the sentence. In particular, the probation violations reasonably could have been interpreted by the court as presenting a risk of new felonious activity. We conclude the sentence of twenty-four months' imprisonment was both reasoned and reasonable.

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge