**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CHRISTINE SMALL,

    Defendant - Appellant.

No. 05-1309
(D.C. No. 03-CR-122)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, HOLLOWAY** and **O'BRIEN,** Circuit Judges.

This appeal is from an order revoking probation and ordering the defendant-appellant to serve a term of imprisonment. Defendant Small pleaded guilty in March 2004 to one count of concealment of assets and making a false statement in a bankruptcy proceeding in violation of 18 U.S.C. § 152 and one count of misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(b). She was sentenced to five years' probation, *inter alia*. In June 2005, the district court revoked the probation and sentenced defendant to six months' imprisonment on each of the two counts of conviction, to be

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

served consecutively, followed by three years of supervised release, of which the first six months are to be served in a halfway house or community corrections facility. Ms Small now appeals the order revoking her probation and the amended judgment and sentence.

## I

Of the several conditions of her probation, Ms. Small had been accused of violating three. The probation office charged that she had failed to participate in intensive mental health treatment, failed to pay restitution as ordered by the court,[1] and failed to maintain employment. The government dropped the first contention, and a hearing was held on the other two. Defendant contended that the failure to pay restitution was a result of the failure to hold a job. Because the government apparently agreed with this framing of the issue, the critical issue before the district court was whether defendant was incapable of working because of her mental condition.

Only two witnesses testified at the hearing, Dr. Susan Bograd and defendant Small. Dr. Bograd had been appointed by the court to evaluate Ms. Small because her fairly substantial record of mental health treatment included different diagnoses and conflicting opinions on the critical issue of her ability to hold a job. Dr. Bograd, a board certified psychiatrist, examined defendant for about three and one-half hours. She reviewed 18 documents, primarily records of previous treatment and evaluation by other

---

[1]Defendant had been ordered to pay just over $1,000 in restitution, a $500 fine on each of the two counts, and a $100 special assessment on each count, for a total financial obligation of $2,265.

mental health professionals, and produced a lengthy report (30 single spaced pages). For purposes of this appeal, it is only necessary to give a brief summary of Dr. Bograd's testimony.

Dr. Bograd opined that defendant was "able to do some kind of work" and that her interview and review of the available medical records supported the conclusion that defendant exaggerated her "difficulties" consistent with "a malingering-type picture." Dr. Bograd also testified that defendant had not always been cooperative in her mental health treatment, noting that she seemed to become resistant when she was displeased with the course of treatment, which had led to her changing programs and therapists several times.

The judge concluded that defendant was capable of working and that, under all the circumstances, no alternative to incarceration would achieve the statutory purposes of punishment, deterrence, restitution and rehabilitation.

## II

On appeal Ms. Small maintains that the district court erred in ordering revocation of probation, contending that the weight of the evidence established that she was unable to work. Small also argues that the judge failed to give adequate consideration to alternatives to imprisonment, especially in light of the fact that "all agree" that she suffers from a mental illness. Further, defendant contends that, in spite of the district court's adherence to the procedures laid out in Fed. R. Crim. P. 32.1 in its handling of the revocation proceedings, the court failed to consider pertinent statutory factors before

revoking probation and re-sentencing her to imprisonment.

This court reviews the ultimate decision by the district judge to revoke probation and to order imprisonment for fundamental unfairness or abuse of discretion. *United States v. Reber*, 876 F.2d 81, 83 (10th Cir. 1989). The district court's underlying findings of fact may be reversed only if clearly erroneous. *See United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986) (stating that the clearly erroneous standard mandated by Fed. R. Civ. P. 52(a) is applicable to some rulings in criminal cases). A finding is clearly erroneous only if it is "without factual support in the record" or if this court, after reviewing all the evidence, "is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998). Further, "we view the evidence in the light most favorable to the district court's ruling and must uphold any district court finding that is permissible in light of the evidence." *Id*. at 813 (citation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

In support of her first argument – that the district court erred in finding that she was able to work – Ms Small directs our attention to a number of facts which, she contends, undercut the district court's ruling and bolster her position that she was unable to work. These points include: the limited time that Dr. Bograd spent with her before reaching her conclusions; Dr. Bograd's completing her report on the critical question of

Small's ability to work without administering any occupational tests; the fact that most professionals who had treated her had included depression in their diagnoses, while another professional, Dr. Wolfsohn, whose report the district judge cited favorably, was virtually alone in not including depression in his diagnosis; that Small had testified that Dr. Wolfsohn had intimidated her so much that she had only told him what she thought he wanted to hear (and so that his findings should not have been given much if any weight); that she had maintained sobriety during her probation, in spite of a consensus diagnosis of alcohol dependency before her sentencing; and that three other mental health professionals had opined that she would be unable to hold a job.

We, however, find no clear error in the district court's finding on the dispositive issue of defendant's ability to work. Although there was certainly evidence pointing the other way, the judge's finding is amply supported by Dr. Bograd's testimony and report. At bottom, defendant's argument is merely a plea for this court to re-weigh the evidence. That is not this court's role.

In announcing her decision the district judge carefully and thoroughly reviewed the history of the case, the treatment alternatives that had been explored, and evidence pointing to Ms. Small's responsibility for the limited success of the treatment alternatives. The judge found that Ms. Small had become resistive to treatment on several occasions when she disagreed with some aspect of her treatment program. The judge noted that Ms. Small had testified cogently, belying the assertion that her thinking was too confused to

permit her to be employed. The record clearly shows that the judge had come to the decision to revoke probation only after she had reviewed all the evidence most carefully and had concluded that Ms. Small's resistance to treatment and to pursuing employment had defeated the purpose of the conditions of probation.

Ms. Small also argues that the finding that she was capable of working did not justify revocation of her probation. Much of this argument is simply a reiteration of the first point, in which Ms. Small criticizes the evidence that supports the district judge's finding that she was able to work. She goes on to argue that the district judge did not consider alternatives to imprisonment, which, as she points out, is mandated by *Bearden v. Georgia*, 461 U.S. 660, 672 (1983). This argument is unpersuasive. The district judge did not revoke Ms. Small's probation because she was unable to meet the financial obligations of her probation (except indirectly). Instead, the judge found that Ms. Small was *unwilling* to attempt to meet those obligations by trying to get and keep a job. And it is abundantly clear that the judge *did* consider alternatives to imprisonment. Indeed, the record shows that the judge over the course of several hearings tried very hard to find an alternative to imprisonment that would meet the ends of justice which – the judge most certainly recognized – included meeting Ms. Small's need for treatment for her mental illness. Far from abusing her discretion, the district judge exercised her discretion most judiciously.

Finally, Ms. Small asserts that the district judge erred in failing to follow the

statutory directives in revoking probation and ordering imprisonment. This argument, we find, is really a repetition of the previous argument that the district judge failed to consider alternatives to imprisonment. The only difference is that in this second formulation of the argument, Ms. Small focuses on statutory provisions guiding the court's sentencing decisions. Ms. Small points to the provision in 18 U.S.C. § 3563(a) which instructs the sentencing court to consider "the factors set forth in section 3553(a) to the extent that they are applicable," in revocation decisions and contends that the judge failed to follow this directive.

We are not persuaded. We do not require that district judges recite the specific provisions of section 3553(a) which they deem most pertinent to their decisions. *See, e.g., United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2002). We again note that this judge carefully and patiently considered this sentence a number of times. It is clear from our review of the record that the judge ordered imprisonment only after fully exploring other options.

Accordingly, the judgment of the district court is **AFFIRMED.**

Entered for the Court

William J. Holloway, Jr.
Circuit Judge