FILED
United States Court of Appeals
Tenth Circuit

February 17, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LAVARES L. LYONS,

Defendant-Appellant.

No. 08-3061
(D.C. No. 5:06-CR-40010-SAC-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Lavares L. Lyons appeals the district court's order revoking his probation and imposing a fifteen-month sentence. Mr. Lyons claims there was insufficient evidence to sustain the underlying probation violation of attempted robbery, and that his sentence was procedurally and substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**I**

Mr. Lyons pleaded guilty to possessing a firearm after having been convicted of a crime of domestic violence. He was sentenced to three years probation subject to certain conditions, including that he not commit any other crimes and refrain from using any controlled substance. But before his term of probation expired, Mr. Lyons' probation officer alleged that he violated his probation conditions by attempting to rob a cab driver and using marijuana and PCP. The district court held an evidentiary hearing and found by a preponderance of the evidence that Mr. Lyons had committed these offenses. Consequently, the court revoked Mr. Lyons' probation and sentenced him to fifteen months in prison. Mr. Lyons now appeals that decision, arguing that there was insufficient evidence to sustain the attempted robbery finding and that the fifteen-month sentence was both substantively and procedurally unreasonable.

**II**

Although we generally review a decision to revoke probation for an abuse of discretion, *United States v. Reber*, 876 F.2d 81, 83 (10th Cir. 1989), the district court's factual findings underlying the probation violation will be reversed only if clearly erroneous, s*ee United States v. McComb*, 519 F.3d 1049, 1053-54 & n.4 (10th Cir. 2007) (explaining that the abuse of discretion standard affords greater deference to findings of fact, which may be reversed only if clearly erroneous), *cert. denied*, 128 S. Ct. 1917 (2008). A finding is clearly erroneous only if it is

"without factual support in the record" or, after reviewing all the evidence, we are "left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) (quotation omitted). Further, "we view the evidence in the light most favorable to the district court's ruling and must uphold any district court finding that is permissible in light of the evidence." *Id.* at 813 (quotation omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985).

The district court heard evidence that on December 19, 2007, at 3:42 am, cab-driver Lawrence Cobler received a call to pick up a fare at 3617 Southeast 7th Street, in Topeka, Kansas. Upon arriving at the address, Mr. Cobler saw an African-American male standing in front of the residence, dressed all in white, with a hood covering most of his face. The man stood six feet tall and weighed between 150 and 200 pounds. He attempted to enter the front, passenger side of the cab, but because the door was locked and books were on the seat, he got into the backseat, directly behind Mr. Cobler. This caused Mr. Cobler to become suspicious, especially when he noticed that the man was shielding his face with his hand. Nevertheless, Mr. Cobler drove the man part-way to his destination and turned around when the man stated that he had forgotten something.

When Mr. Cobler arrived back at 3617 Southeast 7th Street, he asked the man to pay five dollars for mileage and the time he would spend waiting. The

man replied, "Five dollars, huh? . . . Well, give me your money." R. Vol. III, Tr. at 14. At that point, Mr. Cobler felt a cold, metal object against his neck. The two men got out of the car, and standing less than two or three feet apart, Mr. Cobler saw what he thought was a gun in the man's front pocket. The man ordered Mr. Cobler to get back in the car, but he refused. Yet when the man calmly repeated his order to "[g]et back in the car, turn around and leave," Mr. Cobler obeyed. *Id.* at 16. As Mr. Cobler drove away, he watched the man run in an easterly, and then southerly direction.

Mr. Cobler radioed for the police, and some twenty-five minutes later, officers informed him that they had a suspect in custody who was detained approximately one block south from where the incident occurred. Mr. Cobler went to identify the suspect, and after viewing him in the back of a police cruiser, told police, "This looks like the person." *Id.* at 20. The suspect was Mr. Lyons. He was wearing white pants and a white leather coat unzipped to the navel, revealing a black t-shirt. He also had a black stocking-cap, facial hair, and gold teeth, all of which Mr. Cobler did not include in his description.

Officer Sam Cartmill testified that he arrested Mr. Lyons after observing him kneel down and walk away from two vehicles parked in the vicinity of the incident. Officer Cartmill stated that his search of Mr. Lyons' person revealed a Kansas identification bearing his name and listing his address as 3617 Southeast 7th Street. Officer Cartmill did not, however, find a gun. Later, Mr. Lyons

-4-

explained to Detective Richard Volle that he had been returning to his grandmother's house, which was one block away from where the attempted robbery took place, after playing video games with his cousin, who lived several blocks away. Detective Volle confirmed this story with Mr. Lyons' cousin, albeit with some inconsistencies.

This evidence was sufficient to sustain the district court's finding that Mr. Lyons violated his probation by committing an attempted robbery. Mr. Cobler described the suspect as a six foot tall African-American male who was wearing all white. Mr. Lyons was wearing white pants and a white leather jacket when he was arrested. Mr. Cobler picked up the fare at 3617 Southeast 7th Street, the same address listed as Mr. Lyons' residence on his identification card. Although Mr. Cobler had not seen Mr. Lyons' black stocking cap, black t-shirt, facial hair, or gold teeth, there is no indication that the fare had his jacket unzipped so as to reveal his t-shirt, and Mr. Cobler testified that the fare had a hood over his head and left hand shielding his face, which plausibly explains why Mr. Cobler did not see the stocking cap, facial hair, and gold teeth. Moreover, although Mr. Cobler was not 100 percent certain that Mr. Lyons was the man who tried to rob him, Mr. Lyons did match the general description given by Mr. Cobler. Additionally, Mr. Lyons was arrested within thirty minutes of the incident, just one block south of where it occurred. Under these circumstances, and given the standard of proof, the district court's finding that Mr. Lyons

violated his probation by committing an attempted robbery was not clearly erroneous. The fact that Mr. Lyons was never charged with attempted robbery does not persuade us to conclude otherwise, as the standards of proof differ on the probation violation and the crime, the former being by a preponderance of the evidence, the latter being beyond a reasonable doubt. *See Morishita v. Morris*, 702 F.2d 207, 210 (10th Cir. 1983).

Turning next to Mr. Lyons' contentions concerning the reasonableness of his sentence, we note that reasonableness review consists of a procedural component and a substantive component. *See United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008). As is relevant here, the procedural component evaluates whether the district court considered the factors of 18 U.S.C. § 3553(a) and adequately explained its sentence, while the substantive component examines "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)."[1] *Id.* (quotation omitted). Mr. Lyons contends his sentence is procedurally unreasonable because the court did not consider each § 3553(a) factor, and substantively unreasonable

---

[1] These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines and policy statements; the need to avoid sentence disparities; and the need to provide restitution. *See* 18 U.S.C. § 3553(a).

-6-

because the fifteen-month sentence was excessive for achieving the sentencing objectives of § 3553(a). We reject both contentions.

Mr. Lyons did not raise a procedural objection to his sentence in the district court, leaving us to review only for plain error. *United States v. Romero*, 491 F.3d 1173, 1176-78 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). Plain error is "(1) error (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1178. There was no error here. Although a sentencing court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), when the sentence is within a properly calculated guidelines range, the court need provide only a "general statement noting the appropriate guideline range and how it was calculated," *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir.) (quotation omitted), *cert. denied*, 128 S. Ct. 113 (2007); *see also United States v. Kelley*, 359 F.3d 1302, 1305 (10th Cir. 2004) (recognizing that sentencing courts need not "consider individually each factor listed in § 3553(a) " nor "recite any magic words" to show consideration of those factors). The district court did precisely what was required: the court explained that Mr. Lyons' Grade A violation and category II criminal history precipitated a fifteen to twenty-one month sentence under the pertinent policy statement, *see* U.S.S.G § 7B1.4, noted that a lenient sentence was appropriate, and stated that a fifteen-month sentence would "address the

reintegration objectives and provide deterrence from subsequent criminal behavior," Supp. R. Vol. I, Tr. at 6. Recognizing that Mr. Lyons' conduct posed "a serious threat to the community," the court also ordered him to participate in a substance abuse program and abstain from drug and alcohol use upon release. *Id.* at 5. This explanation for the sentence imposed, in the context of a properly calculated guidelines range, satisfied the court's obligation to consider and apply the § 3553(a) sentencing factors.

Mr. Lyons' substantive reasonableness claim is similarly unavailing. We review a sentencing determination for an abuse of discretion to discern whether the sentence is reasonable given the § 3553(a) factors. *See Gall v. United States*, 128 S. Ct. 586, 594 (2007). A sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam). "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007), *overruled in part on other grounds by Irizarry v. United States*, 128 S. Ct. 2198, 2201 n.1, 2203-04 (2008).

Here, the district court considered the § 3553(a) factors, balanced those factors against the gravity of the offenses, and sentenced Mr. Lyons at the bottom of the recommended guideline range. Mr. Lyons attempts to rebut this presumptively reasonable sentence by asserting that it was excessive for treating

his drug addiction, *see* Aplt. Br. at 13, but this argument ignores other sentencing considerations. To be sure, the court was concerned with providing Mr. Lyons proper substance abuse and medical treatment, *see* Supp. R. Vol. I, Tr. at 5-6, 11, but the court also aimed to ensure that the sentence reflected the gravity of the offenses (including the attempted robbery), deterred recidivism, and protected the public from any potential further criminal activity, *see id.* at 5-6. Although the court did not elaborate why time served was inappropriate as an alternative sentence, the court clearly considered it, because the court denied the request and imposed a sentence at the bottom of the guidelines range. *Cf. Sanchez-Juarez*, 446 F.3d 1109, 1115 (10th Cir. 2006) (holding that the sentencing court's "decision to impose a sentence at the low end of the Guidelines range may fairly be read as a functional rejection" of the defendant's arguments). Thus, Mr. Lyons fails to rebut the presumption of reasonableness that attaches to his sentence.

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-9-