FILED
United States Court of Appeals
Tenth Circuit

January 21, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSHUA SETH WROBEL,

    Defendant-Appellant.

No. 09-5042

(D.C. No. 4:03-CR-00121-JHP-1)
(N. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Defendant Joshua Seth Wrobel appeals from the twenty-four month

sentence imposed by the district court for violation of the terms of his probation.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I

In February 2004, Wrobel pled guilty to a charge of interference with flight crew members and attendants in violation of 49 U.S.C. § 46504. The district court sentenced him to a term of three years' probation.

In September 2005, the probation office alleged that Wrobel committed three violations of his terms of probation. The probation office alleged that Wrobel failed to submit written monthly reports for July and August 2005, Wrobel failed to advise the probation office of his whereabouts, and Wrobel missed ten urinalysis testing dates. In January 2006, Wrobel stipulated to these violations. The post-sentence investigation report (PSI) indicated that Wrobel had three convictions for cocaine possession, which resulted in probationary or suspended sentences. The PSI also noted that Wrobel had completed two inpatient treatment programs and participated in out-patient counseling and Cocaine Anonymous meetings. The district court extended Wrobel's probation for two years, for a total term of five years' probation.

On February 6, 2009, Wrobel's probation officer petitioned the district court to revoke Wrobel's probation. The probation office alleged that Wrobel had tested positive for cocaine and he failed to submit to drug testing. These "Grade C" violations, combined with Wrobel's criminal history category of I, resulted in a suggested sentence of three to nine months' imprisonment under § 7B1.4(a) of

the Sentencing Guidelines.

The probation office prepared a revocation and sentencing memorandum. According to the memorandum, Wrobel had previously received inpatient drug treatment on two occasions, and he relapsed both times. Additionally, the memorandum noted that the district court had previously warned Wrobel in connection with his prior probation violations. The memorandum recommended that based on this history, Wrobel be sentenced above the guideline range in order to allow Wrobel to complete the 500 Hour Comprehensive Drug Treatment Program, noting that the Federal Bureau of Prisons recommends a term of imprisonment of twenty-four months to complete the program.

Wrobel stipulated to these recent violations and proceeded to sentencing. Wrobel called two witnesses: a counselor at the 12 & 12 halfway house and his probation officer. After hearing the testimony, the district court revoked Wrobel's probation and sentenced him to a term of twenty-four months' imprisonment, followed by twenty-four months' supervised release. The district court stated:

> The Court recommends that the defendant participate in the Bureau of Prisons 500 hour comprehensive drug abuse program. The Court has considered the violation policy statements of Chapter 7 of the United States Sentencing Guideline manual now in effect and view [sic] those policies as advisory in nature for the purpose of these proceedings. The Court has also considered the nature and circumstances of the violation conduct and characteristics of the offender. . . . The Court has taken into consideration

3

the treatment effort that the defendant has engaged in and finds a custody term is necessary. Joshua Seth Wrobel has previously been warned by this Court regarding his possession and use of illicit drugs. Despite being previously warned and based on the nature of the violations and the need to protect the public, the Court believes that a lengthy imprisonment term above the prescribed guideline range is not only justified, but necessary. Said sentence is reasonable, provides just punishment for noncompliance, is an adequate deterrent to criminal conduct, promotes respect for the law, and provides the defendant with the opportunity to obtain correctional treatment in the most effective manner.

ROA, Vol. II at 39.

II

Wrobel appeals the reasonableness of the term of twenty-four months' imprisonment; he does not contest the revocation of probation itself. "[I]t is now axiomatic that a sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006) (quotations omitted) (supervised release revocation). This is the same analysis as the reasonableness standard of review under United States v. Booker, 543 U.S. 220 (2005). See United States v. Contreras-Martinez, 409 F.3d 1236, 1241 n.2 (10th Cir. 2005); see also United States v. Moulden, 478 F.3d 652, 655 (4th Cir. 2007) (treating probation revocation and supervised release revocation sentences similarly). Reasonableness is comprised of two components: procedural and substantive reasonableness. United States v. Zapata, 546 F.3d

4

1179, 1192 (10th Cir. 2008). It does not appear that Wrobel raises any procedural challenge to the calculation of his sentence, but rather focuses upon the substantive reasonableness of his sentence.

Wrobel contends that the sentence of twenty-four months' imprisonment is unreasonable in light of the Chapter 7 policy statement's recommendation of three to nine months' imprisonment. In reviewing a sentence following revocation of probation, "we consider the substantive reasonableness of the length of the sentence under an abuse-of-discretion standard." United States v. Miller, 557 F.3d 919, 922 (8th Cir. 2009); see also United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006); United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Landers, 564 F.3d 1217, 1224 (10th Cir. 2009). This standard "applies without regard to whether the district court imposes a sentence within or outside the advisory Guidelines range." United States v. Friedman, 554 F.3d 1301, 1308 (10th Cir. 2009).

Upon review of the record, including the transcript of the revocation hearing, we conclude that the district court committed no error in sentencing Wrobel. The court clearly considered the nature and circumstances of the violations, Wrobel's history and characteristics, and the need for the sentence to protect the public and provide Wrobel with incentives to alter his pattern of

5

behavior. The district court noted that Wrobel had previously been warned about violating the terms of his probation. Additionally, the district court considered that custody was necessary to help treat Wrobel's substance abuse problem and recommended that Wrobel participate in the drug rehabilitation program, which recommends a sentence of twenty-four months' imprisonment. The district court took into account the Chapter 7 policy statements. Although the sentence imposed was greater than the recommended range, the sentence was reasonable. See Silva, 443 F.3d at 799 (district court did not abuse its discretion in imposing a 24-month sentence following revocation of probation when Chapter 7 recommended three to nine months' imprisonment); Cordova, 461 F.3d at 1189 (concluding that a sentence of thirty-six months' imprisonment following revocation of supervised release was substantively and procedurally reasonable even though the guidelines range was three to nine months' imprisonment).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6