FILED
United States Court of Appeals
Tenth Circuit

January 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

JOSHUA SETH WROBEL,

Defendant - Appellant.

No. 11-5051
(N.D. Okla.)
(D.C. No. 4:03-CR-00121-JHP-1)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Joshua Seth Wrobel was sentenced to 12 months imprisonment following the

revocation of his supervised release. He claims his sentence is substantively

unreasonable. We affirm.

---

[*] *The parties have waived oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

## I.  BACKGROUND

In February 2004, Wrobel pled guilty to interference with flight crew members and attendants in violation of 49 U.S.C. § 46504.  The indictment alleged he "unlawfully intimidated flight attendants . . . by refusing to remain in his seat when instructed by the lead flight attendant . . . , verbally abusing flight attendants, and by approaching flight attendants in a threatening manner while demanding to be served alcohol . . . ."  (R. at 15.)  He was sentenced to three years probation.  He violated the conditions of his probation by failing to submit monthly reports, notify his probation officer of a change of residence and submit to drug testing.  As a result, in June 2006, the district court extended his probation to five years.

In December 2008 and January 2009, Wrobel again violated the conditions of his probation; this time by failing to submit to drug testing and testing positive for cocaine, both Grade C violations.  In March 2009, after Wrobel stipulated to these violations, the district court revoked his probation.  Although the sentencing guidelines suggested a 3 to 9 month term of imprisonment, the court imposed a sentence of 24 months to allow him to participate in the Bureau of Prisons (BOP) substance abuse treatment program.  He was also sentenced to a 24-month term of supervised release.  We affirmed.  *See United States v. Wrobel*, 361 Fed. Appx. 939, 939 (10th Cir. 2010).

Wrobel was released from prison and began his new term of supervised release on September 9, 2010.  He tested positive for cocaine on January 3, 2011, and later contacted his probation officer and admitted to using cocaine on or about February 18 and 19, 2011.  The probation office sought revocation of his supervised release and

prepared a "Supervised Release Revocation/Sentencing Memorandum." (Supp. R. Vol. 3 at 1.) It determined his supervised release violations were Grade B

violations. *See* USSG §7B1.1(a)(2)[1] The statutory maximum sentence was 24 months imprisonment but with Wrobel's Criminal History Category of I, the recommended guideline sentencing range was 4 to 10 months imprisonment. *See* USSG §7B1.4(a). The probation office suggested a sentence outside the recommended guideline range up to the statutory maximum "may be necessary to deter the defendant from further involvement with cocaine and instill a respect for the law." (*Id.* at 7.) It noted (1) Wrobel's "pattern of behavior, exemplified by continued substance abuse, . . . denote[d] a lack of respect for the law which [neither] the Court nor the Probation Office ha[d] . . . been able to deter thus far," (2) his criminal history which included three controlled substance offenses involving cocaine, and (3) his failed attempts with substance abuse treatment. (*Id.*)

The court revoked Wrobel's supervised release. Wrobel sought a non-prison sentence to allow him to participate in inpatient substance abuse treatment. He made that request because he was not placed in the BOP's substance abuse treatment program as anticipated when he was previously sentenced to 24 months imprisonment. He claimed to be a good probationer with an addiction needing treatment.

The court imposed a 12-month sentence to be followed by a 24-month term of

---

[1] Wrobel was sentenced pursuant to the 2010 edition of the United States Sentencing Commission Guidelines Manual. All citations to the guidelines in this decision refer to the 2010 guidelines unless otherwise indicated.

supervised release. While it recognized Wrobel suffered from an addiction, it was also

"frustrat[ed]" that the case had been "going on since 2003."[2] (Supp. R. Vol. 2 at 14.) It

also acknowledged that he had not received treatment in the BOP's program the last time

he was in prison but noted he had had other opportunities for treatment and counseling.

The court observed a disturbing "trend":

> [Y]ou're blaming this on I didn't get a 500 hour treatment, my probation officer is not here to say good things about me. I've been here through all of this, and have heard the good things that have been said. And I'm just concerned that that's just another . . . delay . . . .
>
> This is not going to meet with your request, but I want you to know . . . I suspect that you are frustrated, but you're not any more frustrated tha[n] I am that whatever is happening is not working. But I'm holding you primarily responsible.
>
> [The fact you did not receive the treatment from the BOP] can't be used as a crutch. I mean, you're released and there [have] been opportunities for at least counseling . . . . I know from experience working with a lot of people that addiction is not easy to deal with, but it's not easy for the Court to deal with either because each person that comes before me is in a little bit different situation. But my . . . commitment to everybody that comes is I'm not going to quit trying to deal with this thing. But I think you need—I think there's every reason that you should be sentenced to incarceration, and then, when you're released, we'll start again.

(Supp. R. Vol. 2 at 14-15.)

Considering the factors set forth in 18 U.S.C. § 3553(a) and the Chapter 7 policy

statements, the court determined a sentence above the recommended advisory range was

appropriate in light of the nature and circumstances of the rule violations and the history

and characteristics of the defendant. It was also necessary to "promote respect for the

---

[2] The conduct underlying Wrobel's offense for interfering with flight crew members and attendants occurred in August 2003. The record indicates that conduct was caused in large part by Wrobel's alcohol and cocaine abuse.

law, provide just punishment for the violations, and deter the defendant from cocaine possession and use":

> The current violation indicates a continued pattern of behavior by this defendant. Specifically, this is his second revocation for cocaine abuse after being afforded inpatient treatment on two occasions and outpatient treatment on two occasions. The defendant was participating in outpatient treatment when the current violation occurred. The Court has imposed a term of supervised release with special conditions to assist the defendant in his reentry to society, to protect the public, to control the risks associated with drug and alcohol abuse, and to provide the defendant with necessary correctional counseling.

(*Id.* at 17-18.)

## II. DISCUSSION

Wrobel does not challenge the revocation of his supervised release. Rather, he argues his 12-month sentence is unreasonable in light of the guidelines' recommended sentencing range (4 to 10 months) and the facts and circumstances of the case. He characterizes his conduct as "simple rule violations" for which the sentencing guidelines have deemed a 4 to 10 month sentence appropriate.[3] (Appellant's Br. at 5.) He also claims the sentence does not fit the crime as his rule violations stem from his addiction to cocaine. He maintains he is not a threat to society.

"We review all sentences, including those imposed for violations of supervised release, for reasonableness. Substantive reasonableness involves the length of the

---

[3] Wrobel states in his brief that his violations were Grade C violations and the recommended guideline range was 3 to 9 months imprisonment. It appears he may be confusing this case with the revocation of his probation in 2009. *See Wrobel*, 361 Fed. Appx. at 940. In any event, he is mistaken. The probation department determined the violations were Grade B violations and the recommended imprisonment range was 4 to 10 months. Wrobel did not object to these calculations.

sentence imposed and is reviewed under an abuse-of-discretion standard."[4] *United States v. Rausch*, 638 F.3d 1296, 1302 (10th Cir. 2011) (citation omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Landers*, 564 F.3d 1217, 1224 (10th Cir. 2009) (quotations omitted); *see also United States v. Ortiz*, 804 F.2d 1161, 1164 n.2 (10th Cir. 1986) ("Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."). We see no abuse of discretion in the court selecting a sentence two months above the top of the suggested range.

The court was intimately familiar with Wrobel's case, having presided over his two previous probation violations. While acknowledging Wrobel's cocaine addiction, it also noted he had continued to abuse cocaine despite being afforded opportunities for treatment. The court was also disturbed by Wrobel's attempt to blame his behavior on

---

[4] It appears Wrobel is challenging only the length or substantive reasonableness of his sentence. However, in doing so, he argues the district court did not state a rationale for his sentence—a procedural reasonableness argument. To the extent he is claiming his sentence is procedurally unreasonable, our review is for plain error because he did not raise a procedural objection with the district court. *United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010). We see no error. "In imposing a sentence following revocation of supervised release, a district court is required to consider both the policy statements contained in Chapter 7 of the sentencing guidelines, as well as a number of the factors provided in 18 U.S.C. § 3553(a)." *Id.* (quotations omitted). Here, the district court considered the Chapter 7 policy statements as well as the § 3553(a) factors, including the nature and circumstances of the rule violations, the history and characteristics of the offender and the need for the sentence to promote respect for the law, provide just punishment and afford adequate deterrence to criminal conduct.

his failure to receive treatment in the BOP's drug treatment program. These circumstances—repeated criminal behavior and lack of responsibility—warranted a 12-month term of imprisonment to promote respect for the law, provide just punishment and afford an adequate deterrent. There is no record evidence of any independent attempt by Wrobel to deal with his obvious addiction problem. He seems to think the probation office is primarily responsible for his recovery and his only obligation is to passively (and marginally) comply with the program established for him. He is mistaken. Recovery is a matter primarily in the hands of the addict; the probation office is only a helpmate, offering guidance and assistance. Had the record demonstrated individual initiative by Wrobel the results might well have been different.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge