16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gaylen KNIGHT, Defendant-Appellant.
 No. 93-1187.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Knight appeals from the mandatory revocation of his probation, 18 U.S.C. 3565(b), based upon his municipal court conviction for violating Denver City and County Municipal Ordinance 38-117(a),[3] carrying a concealed weapon. The district court also found that Mr. Knight violated the conditions of his probation by failing to report that he was the victim of a drive-by shooting and by being observed on several occasions under the influence of marijuana and alcohol. II R. 59-60. Although Mr. Knight argued both in municipal court and in federal district court that the weapon belonged to a friend, the district court found actual possession based upon the conviction. On appeal, Mr. Knight contends that the district court denied him due process by giving the municipal court conviction conclusive effect. He argues that (1) the conviction was obtained in violation of the Sixth Amendment and therefore is unreliable, and (2) the municipal court misapplied the ordinance and, instead of requiring actual possession, only required constructive possession. Our jurisdiction arises under 28 U.S.C. 1291 and we affirm.
 
 
 2
 Normally, our review of a district court's decision to revoke probation is for an abuse of discretion. Burns v. United States, 287 U.S. 216, 222-23 (1932); United States v. Reber, 876 F.2d 81, 83 (10th Cir.1989). Legal questions informing the exercise of discretion are reviewed de novo, however. A " 'judge may revoke probation when reasonably satisfied that a [local,] state or federal law has been violated, and conviction is not essential.' " United States v. Garcia, 771 F.2d 1369, 1371 (9th Cir.1985) (quoting United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984)). A judge has considerable discretion concerning revocation when a condition of probation is violated, see 18 U.S.C. 3565(a); however, revocation of probation is required when a court determines that a defendant was in actual possession of a firearm, 18 U.S.C. 3565(b).
 
 
 3
 Here, the municipal court conviction was relied upon by the district court as providing the factual basis for invocation of 3565(b). In the underlying municipal court proceeding, the judge determined that Mr. Knight, previously having been advised of a right to counsel, waived that right due to delay in asserting it. Aplt. Add. at 5-8. Mr. Knight proceeded pro se, raising issues similar to those now advanced by his able counsel. The judge also determined that Mr. Knight's proximity to the gun rendered his possession in violation of the ordinance. Id. at 47-48.
 
 
 4
 We decline to entertain Mr. Knight's straightforward collateral attack on his state municipal court conviction. Just as a defendant may not attack (in a probation revocation hearing) the conviction which resulted in probation, United States v. Almand, 992 F.2d 316, 317 (11th Cir.1993); Rodgers v. United States, 413 F.2d 251, 252-53 (10th Cir.1969), so too a defendant is precluded from collaterally attacking a conviction upon which probation is revoked, see United States v. Lustig, 555 F.2d 751, 753 (9th Cir.1977), cert. denied, 434 U.S. 1045 (1978); United States v. Carrion, 457 F.2d 808, 809 (9th Cir.1972). "If he wishes to attack the proceedings at his [municipal court] trial, it is the conviction itself, rather than the probation revocation that he must challenge." United States v. Garza, 484 F.2d 88, 89 (5th Cir.1973). "Obviously a [probationer] cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." Morrissey v. Brewer, 408 U.S. 471, 490 (1972).
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ----
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 [3]
 The ordinance provides, in pertinent part:
 (a) It shall be unlawful for any person, except a law enforcement officer in the performance of duty, to wear under their clothes, or concealed about their person any dangerous or deadly weapon, including, but not by way of limitation, any pistol....