FILED
United States Court of Appeals
Tenth Circuit

March 4, 2015

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BILLY WAYNE ENGLES,

    Defendant - Appellant.

No. 14-7052

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 6:10-CR-00017-RAW-1)**
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.[*]
_____

**BALDOCK**, Circuit Judge.
_____

Defendant Billy Engles appeals from the revocation of his federal supervised release based on a criminal conviction in state court. Because his direct appeal asserts only a collateral attack on his state court conviction, we dismiss his appeal.

Defendant is a registered sex offender in the State of Oklahoma. In 2013, he was on federal supervised release for an unrelated federal offense. A condition of

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case therefore is ordered submitted without oral argument.

Defendant's supervised release stated that he "shall not commit another federal, state or local crime."

On September 5, 2013, Defendant accompanied his then live-in girlfriend to her sixteen-year-old daughter's high school to update the daughter's emergency contact form. Defendant and his girlfriend updated the daughter's address to Defendant's home, and added Defendant as a person authorized to pick up the daughter from school. Defendant and his girlfriend spent approximately 10 minutes on campus completing this task.

One of the school employees recognized Defendant as a sex offender, and reported his visit. Based on this 10-minute visit to the school, Oklahoma charged Defendant with violating Oklahoma's Zone of Safety Around Schools statute, which prohibits sex offenders from "loitering" at or near schools. See Okla. Stat. Ann. tit. 21, § 1125(A)(1). Defendant argued in state court that he was not "loitering" because he went to the school very briefly to perform a specific task. The state judge and jury rejected Defendant's argument, convicted him, and imposed a sentence of time served plus a $2,500 fine. Defendant's appeal from this conviction is now pending in Oklahoma state court.

Based on this state conviction, the district court revoked Defendant's federal supervised release. Defendant argued before the district court that he was appealing his Oklahoma conviction and that he never loitered at the school. Defendant clarified, however, that this argument "to be honest is going to be more for a sentencing phase if applicable." The federal Sentencing Guidelines recommended a revocation sentence of 7 to 13 months' imprisonment. The district court ultimately sentenced Defendant to 13 months' imprisonment followed by an additional 24 months of supervised release.

We normally review a district court's decision to revoke supervised release for an abuse of discretion. See United States v. Reber, 876 F.2d 81, 83 (10th Cir. 1989). On appeal, however, Defendant does not dispute that his "criminal conviction clearly provided an adequate evidentiary basis for the district court's revocation order." United States v. Garza, 484 F.2d 88, 89 (5th Cir. 1973) (per curiam). Instead, his brief states that "the only issue" on appeal "is whether or not the conduct complained of [in Oklahoma state court] constituted 'loitering.'" Defendant therefore asserts only a straightforward collateral attack on his state court conviction.

Defendant's challenge is indistinguishable from the challenge raised in United States v. Knight, 16 F.3d 418 (table), 1994 WL 3365, at *1 (10th Cir. 1994) (unpublished).[1] In Knight, we declined to entertain a probationer's collateral attack on the state municipal court conviction that formed the basis for the revocation of his federal probation.[2] As we explained, a defendant cannot collaterally attack a conviction upon which his probation is revoked for the obvious reason that a probationer "'cannot relitigate issues determined against him in other forums, as in the situation presented

[1] Although unpublished orders and opinions generally are not considered binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel, such an order or opinion may be relied on for the purpose of disposing of the issue presented if it has persuasive value with respect to a material issue in a case and would assist the court in its disposition. See 151 F.R.D. 470 (10th Cir. 1993) (containing General Order of November 29, 1993); 10th Cir. R. 32.1 (2015).

[2] Defendant's attempt to distinguish Knight on the ground that the defendant's probation in that case "was going to get revoked anyway" based on additional violations is unavailing. Indeed, in Knight we made clear that the district court had relied on the municipal court conviction to revoke the defendant's probation, and declined to entertain his attack on that conviction. 1994 WL 3365, at *1. We then affirmed the revocation without relying on any additional violations.

when the revocation is based on conviction of another crime.'"  Id. at *1 (quoting

Morrissey v. Brewer, 408 U.S. 471, 490 (1972)); see also United States v. Lustig, 555

F.2d 751, 753 (9th Cir. 1977) (per curiam) (holding that a defendant "may not collaterally

attack . . . the conviction on which the decision to revoke probation was based" (internal

citations omitted)); Garza, 484 F.2d at 89 ("If [a defendant] wishes to attack the

proceedings at his trial, it is the conviction itself, rather than the probation revocation that

he must challenge.").  By the same token, Defendant cannot collaterally attack his state

court conviction under the guise of an appeal from his supervised release revocation.

Defendant's reliance on United States v. Disney, 253 F.3d 1211 (10th Cir. 2001),

and United States v. Reber, 876 F.2d 81, 82 (10th Cir. 1989), is misplaced, as neither of

these revocation cases turned on a stand-alone criminal *conviction*.  Rather, in Disney, the

government's petition to revoke the defendant's supervised release alleged that he had

violated 18 U.S.C. § 111(a) based on an interaction he had with a sheriff's deputy.  The

district court there simply agreed that the defendant's conduct had violated §111(a) and

granted the government's petition.  Disney, 253 F.3d at 1213.  On appeal, we held the

district court committed an error of law in interpreting § 111(a) and therefore reversed the

revocation of the defendant's supervised release.  Id. at 1215.  Likewise, in Reber, the

district court revoked the defendant's probation based not on a separate criminal

conviction, but on his "failure to keep faith in reporting with the Court to keep it fully

advised regarding [his] financial circumstances" for purposes of paying restitution to his

victims.  876 F.2d at 83.  On appeal, we reversed because the record contained "no

evidence supporting the court's conclusion that [the defendant] failed to provide financial information." Id.

Here, on the other hand, the district court revoked Defendant's supervised release based on a stand-alone state court conviction rather than its own interpretation of federal law or the underlying facts of the offense. As such, Defendant must challenge the conviction itself, rather than the revocation of supervised release.

Accordingly, we AFFIRM the revocation of Defendant's supervised release and DISMISS without prejudice his claim that he did not actually violate Oklahoma law.[3]

---

[3] As we noted above, Defendant is currently challenging his conviction in Oklahoma state court. Should Defendant succeed with his state court appeal, nothing in this opinion should be construed to prejudice a future motion to vacate Defendant's supervised release revocation.