FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

F. JEFFREY MILLER,

      Defendant - Appellant.

No. 14-3281
(D.C. No. 5:06-CR-40151-JAR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

Defendant-Appellant F. Jeffrey Miller appeals from the district court's

revocation of his supervised release and imposition of three concurrent 36-month

sentences on three counts of conviction. Mr. Miller argues that the district court

abused its discretion by (1) finding that he violated the terms of his supervised

release without sufficient evidentiary support in the record and (2) sentencing him

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

outside the 4–10 month advisory guideline range. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

Background

Mr. Miller, a building contractor, was convicted of conspiracy to defraud mortgage lenders (Count 1), money laundering (Count 5), and criminal contempt based upon violations of conditions of release (Counts 9 & 10). United States v. Miller, 682 F.3d 1254, 1260 (10th Cir. 2012). On appeal, this court affirmed all but the conspiracy count. Id. at 1278. On resentencing, the district court sentenced Mr. Miller to 72 months imprisonment on each count, to run concurrently, and three years supervised release on each count, again concurrently. I R. 125-26. Mr. Miller was placed on supervised release on January 10, 2014.

Mr. Miller's probation officer filed a petition to revoke his supervised release alleging that Mr. Miller had violated several conditions of that release. I R. 132-34. Specifically, (1) that he not commit another federal, state, or local crime (by submitting false monthly reports to his probation officer, 18 U.S.C. § 1001), (2) that he answer inquiries of his probation officer truthfully and follow her instructions, (3) that he not be employed in a capacity where he had discretionary authority over financial matters, and (4) that he not commit another federal, state, or local crime (by transmitting in interstate commerce a threat, with

intent to extort money, to injure the person of Lisa Montgomery).  II R. 92-4; 102-04.  After an evidentiary hearing, the district court revoked Mr. Miller's supervised release.  Essentially, the district court determined that Mr. Miller was running a "contract for deed scam" using his son's business, that he represented to his probation officer that he was mere a laborer for the business when in fact he acted as a principal with substantial involvement in financial affairs, and that he traveled in interstate commerce and repeatedly telephoned and harrassed purchaser Lisa Montgomery to make her payments.  United States v. Miller, No. 06-40151-JAR, 2014 WL 6750066 (D. Kan. Nov. 26, 2014).

We review a decision to revoke supervised release for an abuse of discretion.  United States v. Engles, 779 F.3d 1161, 1162 (10th Cir. 2015).  The decision that a defendant violated a condition of his release need only be supported by a preponderance of the evidence.  18 U.S.C. § 3583(e)(3);  United States v. Disney, 253 F.3d 1211, 1213 (10th Cir. 2001).  As the trier of fact in a revocation proceeding, the district court has the exclusive function of appraising the credibility of witnesses, determining the weight to give their testimony, and resolving any conflicts in the evidence.  Thus, the district court's factual findings will be upheld unless clearly erroneous.  United States v. Hall, 984 F.2d 387, 390 (10th Cir. 1993).

To support his position, Mr. Miller argues that many important activities in his son's business occurred prior to his release, and that he was merely a trusted

advisor. Aplt. Br. at 17-18. He also maintains that he accurately reported his job title "Labor" when asked for his position in the company. Id. at 20-21. He points out that Lisa Montgomery's claims that she filed a police report and initiated a court case could not be verified. Id. at 23-24. Further, when Mr. Miller's cell phone records did not substantiate outgoing calls to her on the date she claimed, she changed the dates. Id.

We have reviewed the hearing transcript. As is often the case, the evidence is not all one-sided. But it doesn't need to be. Mr. Miller's probation officer testified that Mr. Miller's claim that he "was doing labor work, fixing things on homes that his son had purchased" was simply not accurate based upon information she received not only from others, but also from Mr. Miller's own explanation of how the business worked. III R. 256-59. Regarding Lisa Montgomery's testimony, III R. 208-53, that is a matter of credibility solely the province of the district court. There is nothing inherently incredible about that testimony which would allow us to disregard it. The district court's findings are, therefore, not clearly erroneous.

Insofar as the sentence imposed, it need only be reasoned and reasonable, meaning that it be procedurally and substantively reasonable. United States v. McBride, 633 F.3d 1229, 1231-32 (10th Cir. 2011); United States v. Steele, 603 F.3d 803, 807 (10th Cir. 2010). The district court's discretion is guided by the factors set out in 18 U.S.C. § 3553(a), and the advisory sentencing guidelines

found in U.S.S.G. § 7B1.4.  See United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1256-57 (10th Cir. 2006).  A reasonableness standard has been equated to an abuse of discretion standard in the Tenth Circuit and "a district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable."  United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010)(internal quotation marks omitted).

Given the district court's findings that Mr. Miller's behavior was "severe and exceptional under the totality of circumstances," and that Mr. Miller's conduct on supervised release was a continuation of his original offense conduct, the sentence the district court imposed is not arbitrary, capricious, or manifestly unreasonable.  Transcript of Revocation Sentencing at 11, United States v. F. Jeffrey Miller, No. 06-cr-40151 (D. Kan. Dec. 15, 2014).  As it should, the district court clearly explained the basis for its harsh sentence, see Gall v. United States, 552 U.S. 38, 46 (2007), and did not abuse its discretion.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge