**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DOUGLAS A. GLASER,

     Plaintiff - Appellant,

v.

LOU ARCHULETA,

     Defendant - Appellee.

No. 18-1000
(D.C. No. 1:16-CV-02499-RM-MLC)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Colorado state prisoner Douglas Glaser seeks a certificate

of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2241

petition. We deny his request for a COA and dismiss this matter.

**Background**

In his § 2241 petition, Glaser argued that the prison warden denied him good-

time credits and earned-time credits for his presentence confinement. This denial,

Glaser said, amounted to wealth-based discrimination, which allegedly deprived him

---

[*] This order isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe pro se pleadings, but we won't act as Glaser's advocate. _See James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

of equal-protection guaranties. The magistrate judge recommended denying Glaser's petition and dismissing the case.

Glaser didn't timely object to the magistrate judge's recommendation. His written objections were due on June 14, 2017; he filed them on June 22, 2017. Nevertheless, the district court considered Glaser's untimely objections. But it found them unpersuasive and adopted the magistrate judge's recommendation in an order dated November 22, 2017.

On December 8, 2017, Glaser asked the district court for a COA. The district court denied that motion on December 13, 2017. Glaser filed a notice of appeal on December 29, 2017.

We then issued a show-cause order directing Glaser to address (1) whether he timely filed his notice of appeal and (2) whether he waived his right to appellate review by failing to timely object to the magistrate judge's recommendation. Glaser filed a response, and we referred these issues to the merits panel.

**Analysis**

We begin with the two procedural hurdles addressed in our show-cause order. First, we consider whether Glaser's appeal is timely. *See Rodgers v. Wyo. Attorney Gen.*, 205 F.3d 1201, 1204–05 (10th Cir. 2000) (stating that filing timely notice of appeal in civil case is jurisdictional requirement), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000). Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), an appellant must file a notice of appeal "within 30 days after

2

entry of the judgment or order appealed from." Here, the district court entered judgment on November 22, 2017. So Glaser's notice of appeal was due on December 22, 2017, and his December 29, 2017 notice of appeal was late. But we will construe his motion for a COA—filed on December 8, 2017, and within the 30-day deadline—as his notice of appeal. *See Rodgers*, 205 F.3d at 1204–05 (treating request for COA as notice of appeal for purposes of Rule 4(a)(1)(A)). Accordingly, Glaser's notice of appeal was timely, and we have jurisdiction over his appeal.

Next, we discuss the second procedural hurdle addressed in our show-cause order: the firm-waiver rule. Under that rule, "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Here, Glaser clearly filed his objections late, which, in a direct appeal, would preclude appellate review. But this case involves a COA request.

We previously considered but declined to decide "whether the firm-waiver rule generally operates as an independent basis for denying a COA." *United States v. Thyberg*, No. 17-2120, 2018 WL 776338, at *2 (10th Cir. Feb. 8, 2018) (unpublished). *Thyberg* reasoned that "even if (1) we assume that the firm-waiver rule isn't an independent basis for denying a COA or (2) we assume that it is but also assume that it doesn't apply here, we would nevertheless deny [petitioner] a COA under the traditional COA framework." *Id.*; *see also Slack*, 529 U.S. at 484 (setting forth traditional test for obtaining COA). We find *Thyberg*'s reasoning persuasive

and adopt it here. *See United States v. Engles*, 779 F.3d 1161, 1162 & n.1 (10th Cir. 2015) (adopting persuasive reasoning from unpublished order). Thus, despite Glaser's failure to timely object to the magistrate judge's recommendation, we will proceed "under the traditional COA framework." *Thyberg*, 2018 WL 776338, at *2.

In order to appeal the denial of his § 2241 petition, Glaser must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Dulworth v. Jones,* 496 F.3d 1133, 1135 (10th Cir. 2007) (requiring COA to appeal adverse decision in § 2241 proceeding). We will grant Glaser a COA if "reasonable jurists would find the district court's assessment of [his] constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

In denying Glaser's petition, the district court first rejected Glaser's assertion that he belongs to a suspect class. Specifically, Glaser argued that he was a victim of wealth-based discrimination because (1) he wasn't able to post bond and was therefore confined prior to being sentenced and (2) he allegedly didn't receive good-time credit for the time he spent in presentence confinement. In rejecting this argument, the district court found that "[w]ealth, or lack thereof, is no longer considered a suspect class for equal protection purposes" and thus declined to apply strict-scrutiny review. R. 130; *see also Lewis v. Casey*, 518 U.S. 343, 347 (1996); *Petrella v. Brownback*, 787 F.3d 1242, 1266 (10th Cir. 2015). On appeal, Glaser fails to rebut this correct statement of the law. Therefore, we conclude no reasonable jurist would find the district court's assessment debatable or wrong and decline to grant a COA on this basis.

4

Next, the district court rejected Glaser's second argument in favor of strict-scrutiny review, finding that Colorado doesn't provide individuals with a fundamental right to either good-time credit or earned-time credit. Indeed, Colorado expressly permits the department of corrections to withhold good-time credit from a prisoner. *See* Colo. Rev. Stat. § 17-22.5-301(4). And dispensing earned-time credit is also discretionary. *See* Colo. Rev. Stat. §§ 17-22.5-302(1), 17-22.5-405(a). In his COA application, Glaser attempts to rebut the district court's conclusion by discussing prior versions of these statutes. But these prior versions aren't applicable to this appeal. Thus, we won't grant a COA on this basis either.

Because the district court rejected Glaser's arguments in favor of strict-scrutiny review, it applied rational-basis review to Glaser's equal-protection claims. In so doing, it concluded that Glaser failed to show that the prison warden's actions (1) weren't "reasonably related to legitimate penological interests" and (2) weren't an "exaggerated response to such objectives." R. 132 (quoting *Beard v. Banks*, 548 U.S. 521, 528 (2006)). Glaser fails to address these rulings on appeal. Thus, he has waived any challenge to them. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").

Accordingly, we deny Glaser's COA request and dismiss this case. As a final matter, we deny Glaser's motion to proceed IFP because he fails to present a nonfrivolous argument. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir.

5

2005) (stating that "in order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action").

Entered for the Court


Nancy L. Moritz
Circuit Judge