**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PEDRO SOLIS-RODRIGUEZ,

    Defendant - Appellant.

_____


UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD WILBORN,

    Defendant - Appellant.

No. 24-2030
(D.C. No. 1:21-CR-01218-KWR-1)
(D. N.M.)




No. 24-2067
(D.C. No. 1:21-CR-00802-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **CARSON**, and **ROSSMAN**, Circuit Judges.
_____

---

    [*]    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

These appeals concern the district court's obligation to "consider" the 18 U.S.C. § 3553(a) factors when denying a criminal defendant's 18 U.S.C. § 3582(c)(2) motion to reduce sentence. We hold that, even assuming that a higher explanatory burden applies in these circumstances that the Supreme Court has outlined in relevant precedent, the district court need not render detailed or specific findings on the § 3553(a) factors where (1) the judge denying the motion sentenced the defendant; (2) the case is not complicated; (3) the defendant fails to raise novel or atypical arguments as to the § 3553(a) factors; and (4) the district court's denial does not result in an above-Guidelines (i.e., "United States Sentencing Guidelines" or "U.S.S.G.") sentence. *See Chavez-Meza v. United States*, 585 U.S. 109, 117–18 (2018).

Appellants Pedro Solis-Rodriguez and Richard Wilborn (collectively, "Appellants") pleaded guilty to unrelated drug offenses. The same district court judge in the United States District Court for the District of New Mexico accepted their plea agreements and sentenced them at the low end of their respective Guidelines ranges. Months later, the United States Sentencing Commission published Guidelines Amendment 821, thereby retroactively decreasing Appellants' Guidelines ranges. In light of Amendment 821, Appellants moved, with the government's support, to reduce their sentences under 18 U.S.C. § 3852(c)(2).

A district court may only grant such a motion "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." 18 U.S.C. § 3852(c)(2). The district court denied Appellants' sentence-reduction motions with near-identical form orders. Averring that the district court abused its

2

discretion by failing to "consider" the § 3553(a) factors as required by § 3582(c)(2), Appellants ask us to vacate the district court's sentencing judgments and remand for reconsideration of the § 3553(a) factors. For the reasons that we discuss below, we conclude that Appellants' requests are legally untenable and accordingly decline to grant them.

Our decision proceeds in four parts. The first part recounts relevant factual and procedural history. The second part articulates our basis for jurisdiction and the applicable standard of review. The third part outlines the applicable law, recapitulates the broad strokes of the parties' arguments, and resolves the question presented. The fourth part concludes.

## I

Sub-parts I.A and I.B detail the factual and procedural histories of both appeals, beginning with that of Mr. Solis-Rodriguez.

## A

In July 2021, Mr. Solis-Rodriguez engaged in a methamphetamine transaction with an undercover Drug Enforcement Administration ("DEA") agent. After DEA agents arrested Mr. Solis-Rodriguez, they executed a search warrant on his residence. The search yielded cocaine, marijuana, U.S. currency, and a .45 caliber handgun with ammunition. Mr. Solis-Rodriguez was ultimately deemed accountable for the following narcotics: 4.459 kilograms of methamphetamine (the amount he attempted to distribute to the undercover agents); 0.662 grams of cocaine; and 49.32 grams of marijuana. He also was found accountable for $2,992 in U.S. currency.

A federal grand jury charged Mr. Solis-Rodriguez with (1) conspiracy to distribute a controlled substance in violation of 18 U.S.C. § 846; and (2) distribution of 500 grams and more of a mixture and substance containing methamphetamine in violation of 18 U.S.C. § 841(a)(1) and aiding and abetting the same in violation of 18 U.S.C. § 2. Mr. Solis-Rodriguez entered into a plea agreement with the government under Fed. R. Crim. P. Rule 11 and pleaded guilty to Count 2 of the Indictment. Mr. Solis-Rodriguez, a non-citizen subject to deportation, consented to his removal from the United States following completion of his sentence.

The probation office ("Probation") prepared a Presentence Investigation Report (PSR). Starting from a base offense level of 33,[1] Probation subtracted a total of seven offense levels for specific offense characteristics, minor-role adjustment, and acceptance of responsibility, generating a total offense level of twenty-six. Next, Probation assigned Mr. Solis-Rodriguez a criminal history score of zero, establishing a criminal history category of I. Based on Mr. Solis-Rodriguez's total offense level of twenty-six and criminal history category of I, Probation calculated a Guidelines imprisonment range of 63 to 78 months.

The district court adopted the PSR's factual findings. And it observed that "this was a rather large amount of not only methamphetamine, but there was also cocaine, marijuana, and a large amount of United States currency involved," and that

---

[1]    The base offense level for a violation of 21 U.S.C. § 841(a)(1) is thirty-six, but because Mr. Solis-Rodriguez received a mitigating-role adjustment under U.S.S.G. § 3B1.2, Probation decreased the base offense level to thirty-three under U.S.S.G. § 2D1.1(a)(5).

Mr. Solis-Rodriguez was "here in the United States without legal authorization." R. 24-2030, Vol. III, at 9 (Transcript of Sent'g Hr'g, held Jun. 8, 2022). The court nevertheless accepted the "generous" plea agreement but denied Mr. Solis-Rodriguez's request for a downward variance. *Id.* at 10. Instead, considering the Guidelines and applying the 18 U.S.C. § 3553(a) factors, the court sentenced Mr. Solis-Rodriguez to 63 months' imprisonment followed by five years of supervised release.

Two years later, Mr. Solis-Rodriguez moved, with the government's support, for a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Guidelines Amendment 821.[2] The court denied Mr. Solis-Rodriguez's motion with a "checkbox" AO-247 form order, attesting thereby that the district court had accounted for "the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." *Id.*, Vol. I, at 46 (Order Re. Mot. for Sentence Reduction, dated Feb. 1, 2024). The court later supplemented its form denial with the following explanation:

> The Court accepts the parties' stipulation as to the newly calculated guideline range and finds that the new correctly calculated guideline range is 51 to 63 months. However, after considering the factors set forth in § 3553(a) to the extent they are applicable, and the record in this case, the Court finds that Defendant's current sentence is sufficient but not greater than necessary to satisfy the goals of sentencing. Therefore, the Court finds that the applicable § 3553(a) factors do not support a sentencing reduction. *See United States v. Chavez-Meza*, 854 F.3d

---

[2] Before Mr. Solis-Rodriguez moved to reduce his sentence, Probation submitted a memorandum to the district court confirming that he was eligible for a sentence reduction under Amendment 821, Part B.

5

655, 657 (10th Cir. 2017) (setting forth what a district court must explain in ruling on § 3582(c)(2) motions), *aff'd*, 138 S. Ct. 1959, 201 L. Ed. 2d 359 (2018); *United States v. Hald*, 8 F.4th 932, 948 (10th Cir. 2021) (applying *Chavez* to order denying motion for sentencing reduction).

*Id.* at 47 (Am. Order Re. Mot. for Sentence Reduction, dated Feb. 6, 2024).

**B**

Mr. Wilborn was traveling across New Mexico on a Greyhound bus when DEA agents discovered methamphetamine in his bag and fentanyl and cocaine on his person. In October 2021, the government filed a Bill of Information charging Mr. Wilborn with two counts of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for possessing with intent to distribute methamphetamine and fentanyl.

Mr. Wilborn entered into a plea agreement with the government and pleaded guilty to both counts of the Information. Mr. Wilborn admitted, in his plea agreement, to "transporting both the fentanyl and the methamphetamine for others knowing it was ultimately to be further distributed." R. 24-2067, Vol. I, at 22 (Plea Agreement, dated Oct. 13, 2021). The government and Mr. Wilborn jointly made certain recommendations to the district court in his plea agreement concerning the Guidelines computations that would govern his advisory sentencing range. Most relevant here, they agreed that Mr. Wilborn's Guidelines base offense level should be thirty-two and that Mr. Wilborn should receive a two-level mitigating-role reduction and, for acceptance of responsibility, a two-level reduction and, "if applicable," an additional one-level reduction. *Id.* at 23.

6

Probation prepared a PSR.  It attributed to Mr. Wilborn 2.673 kilograms of methamphetamine (actual), 114 grams of cocaine, and 52.91 grams of fentanyl. From a base offense level of thirty-three,[3] Probation subtracted a total of five offense levels for mitigating-role adjustment and acceptance of responsibility, generating a total offense level of twenty-eight.  Next, Probation assessed Mr. Wilborn seven criminal history points: five for prior convictions and two for committing the instant offense while on probation.  Using Mr. Wilborn's criminal history score of seven, Probation assigned Mr. Wilborn to a criminal history category of IV.  Based on Mr. Wilborn's total adjusted offense level of twenty-eight and criminal history category of IV, Probation calculated a Guidelines range of 110 to 137 months.

In a sentencing memorandum, the government did not dispute the correctness of the PSR's Guidelines calculation.  Nevertheless, it requested the court to accept the parties' agreed-upon base offense level of thirty-two, which would yield an adjusted offense level of twenty-five and a Guidelines range of 84 to 105 months. The government expressly acknowledged that its request that the court adhere to the parties' stipulated Guidelines calculations was effectively a request for "a variance from the correctly-calculated guideline range."  *Id.* at 45 (U.S.'s Resp. to Def.'s Sent'g Mem., dated Jan. 6, 2022).  Moreover, after discussing the § 3553(a) sentencing factors, the government posited that "a sentence at the low end of the

---

[3]    The base offense level for Mr. Wilborn's violation of 21 U.S.C. § 841(a)(1) would have been thirty-six, but his receipt of a mitigating-role adjustment under U.S.S.G. § 3B1.2 led Probation to decrease his base offense level to thirty-three under U.S.S.G. § 2D1.1(a)(5).

range based on the stipulated-to base offense level – 84 months – [wa]s just and appropriate under the particular facts and circumstances of this case." *Id.*

The district court held a sentencing hearing for Mr. Wilborn. The court acknowledged its consideration of the sentencing filings of the parties in the record. And it announced that its starting point for the sentencing would be the parties' Guidelines recommendations in the plea agreement. The court was silent about whether the PSR's computations were—as the government maintained—actually the correct ones. Rather, it simply adopted the plea agreement's recommendations and highlighted that Mr. Wilborn's sentence would be predicated on a total adjusted offense level of twenty-five and a Guidelines imprisonment range of 84 to 105 months. With those calculations in mind, the court denied Mr. Wilborn's requests for a downward variance and downward departure from that agreed-upon range, prompting Mr. Wilborn's counsel to request a sentence at the bottom of the established Guidelines range. Expressly considering the 18 U.S.C. § 3553(a) sentencing factors, the court granted this request, imposing an 84-month sentence of imprisonment followed by three years of supervised release.[4]

In April 2024, in a document styled a "Stipulated Motion," Mr. Wilborn moved, with the government's support, for a sentence reduction under Guidelines

---

[4]    The court imposed two identical sentences (one on each count) to run concurrently.

Amendment 821.[5]  There was no dispute that the new Guidelines range that this Amendment prescribed was 70 to 84 months' imprisonment.  Mr. Wilborn requested—with the government's concurrence—that the court reduce his sentence to the bottom of the new guidelines range—i.e., 70 months' imprisonment.  *Id.* at 60–61 (Stipulated Mot. for Sentence Reduction, dated Apr. 16, 2024).  The district court denied Mr. Wilborn's Stipulated motion.  The district court again used form AO-247,[6] appending the following explanation:

> The Court accepts the parties' stipulation as to the newly calculated guideline range and finds that the new correctly calculated guideline range is 70 to 87 months.  Defendant's current sentence of 84 months is within the newly calculated guideline range.  However, after considering the factors set forth in § 3553(a) to the extent they are applicable, and the record in this case, the Court in its discretion finds that a sentencing reduction is not warranted.  *See United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017) (setting forth what a district court must explain in ruling on § 3582(c)(2) motions), *aff'd*, 138 S. Ct. 1959, 201 L. Ed. 2d 359 (2018); *United States v. Hald*, 8 F.4th 932, 948 (10th Cir. 2021) (applying *Chavez* to order denying motion for sentencing reduction).

*Id.* at 63 (Order Re. Mot. for Sentence Reduction, dated Apr. 16, 2024).

---

[5]    Before Mr. Wilborn moved to reduce his sentence, Probation submitted a memorandum to the district court confirming that he was eligible for sentence reduction under Amendment 821, Part A.

[6]    The "checkbox" portion of the district court's AO-247 order as to Mr. Wilborn was identical to that section of its AO-247 order as to Mr. Solis-Rodriguez. *Compare* R. 24-2030, Vol. I, at 47; *with* R. 24-2067, Vol. I, at 63.

## II

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "We review a district court's decision to grant or deny a § 3582(c)(2) motion for an abuse of discretion." *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017), *aff'd*, 585 U.S. 109 (2018).

## III

The following part proceeds in three sub-sections. First, we state the law governing the district court's denial of a § 3582 sentence-reduction motion. Second, we review the parties' arguments. And third, we conclude that § 3582(c)(2) did not require the district court to render detailed or specific findings on the § 3553(a) factors, so we affirm the district court's sentencing judgments.

## A

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed; but the rule of finality is subject to a few narrow exceptions." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). This case implicates the exception furnished by 18 U.S.C. § 3852(c)(2), which provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

10

The Sentencing Commission published Amendment 821 pursuant to 28 U.S.C. § 994(o). *See* Sent'g Guidelines for the U.S. Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 comprises two parts: Part A and Part B. This case concerns Part A and Part B Subpart 1, both of which apply retroactively to defendants sentenced before Amendment 821 took effect. *See* U.S.S.G. App. C. amend. No. 825. Any defendant whose "sentencing range" was reduced by Amendment 821 is eligible for (but not entitled to) a sentence reduction under 18 U.S.C. § 3582(c)(2), so long as such reduction is consistent with the policy statement at U.S.S.G. § 1B1.10. But, under § 3582(c)(2), sentence reduction is only appropriate where it is preceded by the court's consideration of the § 3553(a) factors. This case concerns our interpretation of the district court's obligation to "consider" the § 3553(a) factors when ruling on a § 3582 motion.

We previously interpreted that obligation in *Chavez Meza*, 854 F.3d at 656 [hereinafter *Chavez-Meza I*]. The Supreme Court affirmed our interpretation in *Chavez-Meza*, 585 U.S. 109 [hereinafter *Chavez-Meza II*], so our opinion in *Chavez-Meza I* remains good law. *See Haynes v. Williams*, 88 F.3d 898, 900 n.4 (10th Cir. 1996). The parties advance conflicting interpretations of *Chavez-Meza I* and *Chavez-Meza II*. Accordingly, we discuss these cases below.

After the Sentencing Commission amended the Guidelines to reduce the offense levels applicable to Mr. Chavez-Meza's conduct, Mr. Chavez-Meza moved to reduce his sentence under § 3582(c)(2). *Chavez-Meza I*, 854 F.3d at 656. Although Mr. Chavez-Meza's original sentence remained within the revised Guidelines range,

Mr. Chavez-Meza requested a reduction to the low end of the revised range. *Id.* at 657. The district court reduced Mr. Chavez-Meza's sentence, but not to the bottom of the revised range, and "issued a[n] [AO-247] form order stating it had 'tak[en] into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a).'" *Id.* at 656 (third alteration in original). Mr. Chavez-Meza appealed, contending the district court erred by failing to explain its application of the § 3553(a) factors. *Id.*

We affirmed the district court's sentencing judgment, construing § 3582(c)(2) to not "require additional explanation when a district court imposes a guidelines sentence and affirmatively states that it considered the § 3553(a) factors in its decision." *Id.* Our holding highlighted the distinction between § 3553(c), which requires the district court to provide an "explanation," and § 3553(a), the provision implicated by § 3582(c)(2), which merely requires "consideration." *Id.* at 658 (quoting *United States v. Verdin-Garcia*, 824 F.3d 1218, 1221 (10th Cir. 2016)).

Recognizing that "[w]e cannot require more for sentence reduction, when § 3553(c) does not apply, than we require for original sentencing, when § 3553(c) does apply," we held that "the requirements imposed on a court at a sentence-reduction proceeding cannot be greater than those imposed at an original sentencing." *Id.* And because "original sentencing proceedings do not require extensive explanations for sentences within the guidelines range," *id.* at 658–59; *see United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1202 (10th Cir. 2007); *United States v. Algarate–Valencia*, 550 F.3d 1238, 1244 (10th Cir. 2008), we ultimately concluded

12

that "absent any indication the court failed to consider the § 3553(a) factors, a district court completing form AO-247 need not explain choosing a particular guidelines sentence," *Chavez-Meza I*, 854 F.3d at 659.

The Supreme Court affirmed. Rather than addressing Mr. Chavez-Meza's argument that the district court failed to "consider" the § 3553(a) factors, the Court applied, *arguendo*, the higher explanatory burden governing initial sentencings: "Even assuming (purely for argument's sake) district courts have equivalent duties when initially sentencing a defendant and when later modifying the sentence, what the District Court did here was sufficient." *Chavez-Meza II*, 585 U.S. at 115.

In so holding, the Supreme Court relied heavily on its prior opinion in *Rita vs. United States*, 551 U.S. 338 (2007), which concerned an initial sentencing. *Chavez-Meza II*, 585 U.S. at 112–13. In *Rita*, the Court held that in a "conceptually simple" criminal matter where "the record makes clear that the sentencing judge considered the evidence and arguments," the district court satisfies its explanatory obligation by deeming the sentence "appropriate" in light of the § 3553(a) factors. *Id.* (quoting *Rita*, 551 U.S. at 358–59). Consequently, the *Chavez-Meza II* Court held, where the "relevant [district] court proceedings are not complicated," *id.* at 114, the district court need not provide a "lengthy explanation" for its ruling on a sentence-reduction motion: in such cases, we can determine whether "the judge had 'a reasoned basis'" for the decision by looking to the "context and the record" before the court when it ruled, *id.* at 117 (quoting *Rita*, 551 U.S. at 356, 359). The "context and the record" includes the original sentencing proceedings, at least where the judge considering the

13

motion to reduce sentence is the judge who initially imposed the sentence. *Id.* at 118.[7] At bottom, the test the Supreme Court applied in *Chavez-Meza II* was a functional one, requiring the sentencing court to "adequately explain the chosen sentence to allow for meaningful appellate review." 585 U.S. at 115 (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)).

**B**

**1**

**First**, Appellants suggest that their invocation of Amendment 821 distinguishes their cases from the factual and procedural circumstances guiding our holding in *Chavez-Meza I*, where the district court *granted* the motion, though it did not provide the full relief the defendant sought. The district court should be subject to a greater explanatory burden in *denying* a motion to reduce sentence supported by Amendment 821, Appellants argue, because that Amendment reflects the Sentencing Commission's belief that "the better starting point for [the] guidelines was a lower offense level," Aplts.' Opening Br. at 24, and "the Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives," *id.* (internal quotation marks omitted) (quoting *Kimbrough v. United States*, 552 U.S. 85, 109 (2018)). **Second**, Appellants contend that our holding in *Chavez-Meza I* is inapposite because their cases concerned *stipulated*

---

[7] Indeed, Justice Breyer's majority opinion explicitly rejected the dissent's proposal to "ignore the record from the initial sentencing and consider only what the judge said when modifying [the] sentence." *Chavez-Meza II*, 585 U.S. at 119.

motions to reduce sentence; denials of relief as to such motions, they argue, ought to be subject to a higher explanatory burden than contested sentence-reduction motions, such as the one at issue in *Chavez-Meza I*.

**2**

The government maintains that even under the weightier explanatory burden the Supreme Court applied *arguendo* in *Chavez-Meza II*, the district court's form orders—which included some explanation—pass muster. The government states its position succinctly: "Here, as in *Chavez-Meza II*, the record as a whole reveals an 'intuitive reason' why the district court denied [Appellants'] sentence-reduction motion[s]." Aplee.'s Resp. Br. at 19; *see id.* at 21.

**C**

For the reasons that we now explicate, we believe that the government's approach is closer to the mark in resolving these appeals. In short, Appellants contend that the factual and procedural circumstances of their cases are distinguishable from those we addressed in our holding in *Chavez-Meza I*, and therefore a higher explanatory burden akin to one that the Supreme Court assumed applied in *Chavez-Meza II* should govern. We conclude that even assuming *arguendo* that Appellants are correct, the district court's sentencing orders here satisfied that burden.

Stated otherwise, because we conclude that the district court's orders denying Appellants' sentence-reduction motions were sufficient to permit meaningful appellate review even under the higher explanatory burden that the Court assumed

15

applied in *Chavez-Meza II*, we need not consider whether the district court's orders would likewise pass muster under the lower explanatory burden articulated in *Chavez-Meza I*. *See United States v. Pineda-Rodriguez*, No. 24-2052, 2025 WL 350467, at *6 n.3 (10th Cir. Jan. 31, 2025) (unpublished) (applying *Chavez-Meza II* to a similar challenge).[8]

Here, as in *Chavez-Meza II* and *Rita*, "[t]he relevant [district] court proceedings are not complicated." *Chavez-Meza II*, 585 U.S. at 114; *see Rita*, 551 U.S. at 359. Messrs. Solis-Rodriguez and Wilborn were convicted after entering garden-variety plea bargains for unremarkable crimes, and their virtually exclusive focus at sentencing was securing the benefits of their plea agreements—not advancing multiple or novel challenges to the PSR's factual findings, which the court adopted in each instance. Nor was there anything complicated about their stipulated § 3852(c)(2) motions.

In denying Appellants' motions, the court expressly acknowledged that it had considered the record in their cases. And, significantly, the same district judge who sentenced Appellants considered their sentence-reduction motions and denied them—which underscores why the court would have been familiar with the record and the circumstances and rationale underlying the original sentences. Given the relative simplicity of the procedural history of these appeals, "the 'context and the record' make clear that the judge had 'a reasoned basis'" for denying Appellants' motions to

---

[8]  We rely on this unpublished case only for its persuasive value. *See United States v. Engles*, 779 F.3d 1161, 1162 n.1 (10th Cir. 2015).

reduce sentence; in short, a "lengthy explanation" was unnecessary. *Chavez-Meza II*, 585 U.S. at 117 (quoting *Rita*, 551 U.S. at 356, 359). Here, as in *Chavez-Meza II*,

> [t]he record as a whole strongly suggests that the judge originally believed that, given petitioner's conduct, [the original sentence] was an appropriately high sentence. So it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate. As in *Rita*, there was not much else for the judge to say.

*Id.* at 118–19.

Thus, as in *Chavez-Meza II*, our review is not limited to the district court's AO-247 form order denials but rather includes the record before the district court at the sentencing and sentence-reduction proceedings. *See id.* at 117–18. And that record shows that the court properly considered the § 3553(a) factors in denying Appellants' sentence-reduction motions.

More specifically, at Mr. Solis-Rodriguez's sentencing, the district court noted that while the defendant was only pleading guilty to the methamphetamine charge, a search of his residence revealed cocaine, marijuana, and currency, and that Mr. Solis-Rodriguez was in the country "without legal authorization." R. 24-2030, Vol. III, at 9. Consequently, the court deemed Mr. Solis-Rodriguez's plea agreement "generous" and declined to vary downwards. *Id.* at 10. The court proceeded to consider the § 3553(a) factors before imposing a sentence. Mr. Solis-Rodriguez's sentence-reduction motion failed to allege any positive change in the § 3553(a) factors justifying a sentence reduction.

17

Similarly, at Mr. Wilborn's sentencing hearing, the district court recognized the defendant's "several prior convictions" and "noted that [he] didn't do well on [his] probation or supervised release in any of those cases." R. 24-2067, Vol. III, at 10. Thus, the court declined to vary or depart downwards. *Id.* at 8. And Mr. Wilborn's motion to reduce sentence failed to allege any positive change in the § 3553(a) factors justifying a reduction.

Consequently, in this case as in *Chavez-Meza II*, "[t]he record as a whole strongly suggests that the judge originally believed that, given [Appellants'] conduct," 63 (Mr. Solis-Rodriguez) and 84 (Mr. Wilborn) months were "appropriately high sentence[s]." 585 U.S. at 118. True, Appellants were sentenced at the bottom of their *pre*-Amendment 821 Guidelines ranges. But, given the solid record support for the court's original sentences, "it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate." *Id.* at 118–19. That is especially so given Appellants' failure to adduce facts that might have altered the district court's calculus with respect to the § 3553(a) factors. *See Pineda-Rodriguez*, 2025 WL 350467, at *7 (noting that Defendant-Appellant failed to present arguments for relief under the § 3553(a) framework). Thus, we can affirm the district court's denial of Appellants' sentence-reduction motions even under the higher standard of *Chavez-Meza II*, which we assume to be applicable.

The *Hald* court's gloss on *Chavez-Meza II* reinforces our application of the latter case here. In *Hald*, we held that specific discussion of the § 3553(a) factors is

18

not required "to justify imposing or maintaining" a sentence within the Guideline range. 8 F.4th at 948. That is especially so, we held, where the defendant's contentions with respect to the § 3553(a) factors are "'typical' and therefore already incorporated into the Sentencing Commission's reasoning (adopted by the sentencing court) of what the usual sentencing range should be." *Id.* (quoting *Chavez-Meza II*, 585 U.S. at 114). Because (1) Appellants' sentences remain within the revised guidelines range, and (2) Appellants failed to raise atypical contentions regarding the § 3553(a) factors, our binding decision in *Hald* favors affirming the district court's sentencing judgments.

In sum, even assuming that a higher explanatory burden would apply under the factual and procedural circumstances of Appellants' appeals—one akin to that assumed to apply in *Chavez-Meza II*—Appellants have not demonstrated that the district court abused its discretion. Here, as in *Chavez-Meza II*, the "the 'context and the record' make clear that the judge had 'a reasoned basis'" for denying Appellants' motions to reduce sentence. 585 U.S. at 117 (quoting *Rita*, 551 U.S. at 356). So here, as in *Chavez-Meza II*, "there was not much else for the judge to say." *Id.* at 119. Specifically, in light of those circumstances of Appellants' appeals, we hold that the district court need not render detailed or specific findings on the § 3553(a) factors where (1) the judge denying the motion sentenced the defendant; (2) the case is not complicated; (3) the defendant fails to raise novel or atypical arguments as to the § 3553(a) factors; and (4) the district court's denial does not result in an above-Guidelines sentence.

**IV**

For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying Mr. Solis-Rodriguez's and Mr. Wilborn's motions for sentence reduction.  Accordingly, we **AFFIRM** the district court's sentencing judgments.


Entered for the Court


Jerome A. Holmes
Chief Judge